UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
CENTRAL DIVISION

| | | |
|---|---|---|
| KIM WADE DILLON, | * | CIV 13-3001-RAL |
| | * | |
| Petitioner, | * | |
| | * | |
| vs. | * | OPINION AND ORDER |
| | * | DISMISSING COMPLAINT |
| ROBERT BOB DOOLEY and | * | |
| THE ATTORNEY GENERAL OF THE | * | |
| STATE OF SOUTH DAKOTA | * | |
| | * | |
| Respondents. | * | |

I.   **INTRODUCTION**

On January 2, 2013, Petitioner Kim Wade Dillon ("Dillon") filed this pro se Petition for a Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254, Doc. 1. This Court ordered Respondents Robert Dooley and the Attorney General of the State of South Dakota (collectively "the State") to respond. Doc. 8. The State responded by filing a Motion to Dismiss, Doc. 12, to which Dillon responded. Doc. 13; Doc. 15. Pursuant to Rule 8 of the Rules Governing Section 2254 Cases in the United States District Courts, this Court has reviewed the entire record, including the transcript from the state habeas hearing, and has determined that an evidentiary hearing is not warranted. For the reasons stated below, this Court denies Dillon's Petition for a Writ of Habeas Corpus.

II.   **BACKGROUND**

On March 31, 2010, a Judgment of Conviction was entered in the Circuit Court of Hughes County in the State of South Dakota against Dillon. Doc. 10-1. Dillon pleaded guilty to being a habitual offender, to one count of Aggravated Assault Against a Law Enforcement

1

Officer, and to one count of Driving Under the Influence. Doc. 1 at 1; Doc. 10-1. His status as a habitual offender enhanced his conviction for Aggravated Assault Against a Law Enforcement Officer to a Class 1 Felony under South Dakota law. Doc. 10-1 at 2. Dillon was sentenced to thirty years in prison and currently is incarcerated at the Mike Durfee State Prison in Springfield, South Dakota. Doc. 1 at 1; Doc 10-1 at 2.

After he was sentenced, Dillon did not file a motion seeking a certificate of probable cause in order to appeal his conviction and sentence to the Supreme Court of South Dakota. Doc. 1 at 2. In other words, Dillon did not file a direct appeal. On December 8, 2010, Dillon, acting pro se at the time, filed a petition for a writ of habeas corpus in the Circuit Court of Hughes County, South Dakota. Doc. 1 at 2; Doc. 10-2. Counsel was appointed and, on June 22, 2011, a hearing was held. Doc. 10-4.

Dillon and his state court habeas counsel presented various arguments in favor of his petition. During his testimony, Dillon asserted that his trial counsel was constitutionally ineffective for failing to properly notify him of all of his Constitutional rights prior to his pleading guilty. Doc. 10-2; Doc. 10-4 at 105-08. Dillon thus asserted that his plea was not knowing and voluntary. Doc. 10-2. He also argued that his trial counsel was constitutionally ineffective for failing to tell him he had a viable defense—a voluntary intoxication defense to the specific intent element of aggravated assault against a law enforcement officer, although it is doubtful that such a defense applies to that crime under South Dakota Law.[1] Doc. 10-4 at 100-01. Finally, Dillon contended that his trial attorney mistakenly advised him that he had to choose

---

[1] In South Dakota, the crime of aggravated assault against a law enforcement officer requires only a general intent, not a specific intent. State v. Schmiedt, 525 N.W.2d 253, 256 (S.D. 1994) (per curiam).

between filing a direct appeal or filing a motion for a sentence reduction, but that he could not file both. Doc. 10-4 at 9-10, 89-101.

Dillon's trial counsel testified to refute Dillon's assertions. Dillon's trial counsel recalled that Dillon repeatedly said that he wanted to enter into a plea agreement to get the case behind him. Doc. 10-4 at 67-69. Dillon's assault against a law enforcement officer involved him driving, apparently while highly intoxicated, into a police officer's vehicle. Doc. 10-4 at 95-97. His assault was captured on five separate video cameras. Doc. 10-4 at 50-51, 95-96. Dillon, despite his trial attorney's attempts to have him do so, refused to watch any of the videos or read the police reports because he "didn't want to remember what [he] couldn't." Doc. 10-4 at 50. Dillon admitted that he "really didn't pay attention" when his trial counsel went over his plea agreement with him. Doc. 10-4 at 21. Dillon also stated that "actually I wanted to get everything over with. You know, I just wanted it done." Doc. 10-4 at 51.

On August 8, 2011, after the evidentiary hearing on Dillon's state court petition for habeas corpus but before the state court ruled on the habeas petition, Dillon filed a motion seeking a sentence reduction in state court. Doc. 10-3. There is nothing in the record indicating the disposition of that motion.

On December 21, 2011, Judge Mark Barnett of the Circuit Court of Hughes County denied Dillon's habeas petition. Doc. 10-5; Doc. 10-6; Doc. 10-7. Dillon did not file a timely motion for a certificate of probable cause to seek to appeal following the denial of his habeas petition. Doc. 1 at 2; Doc. 10-11. Dillon and his habeas counsel, however, made a number of filings between the time his state habeas petition was denied and the time he filed his motion for a probable cause certificate. On February 3, 2012, Dillon's habeas counsel filed another Motion

to Modify the Sentence. Doc. 10-9. There is nothing in the record indicating the disposition of this motion. Around May 1, 2012, Dillon filed an Addendum to Existing Petition of Habeas Corpus. Doc. 10-8 at 3. Judge Barnett denied Dillon any relief based on the fact that Dillon's habeas petition already had been denied. Doc. 10-8 at 1-2. On September 10, 2012, more than nine months after his habeas petition's denial, Dillon at last mailed his motion for a certificate of probable cause to appeal to the Circuit Court of Hughes County. Doc. 10-11 at 4; Doc. 11-12 at 5. On November 13, 2012, Judge Barnett denied the motion for certificate of probable cause as untimely. Doc. 10-12. On September 25, 2012, Dillon signed and mailed yet another Motion for a Sentence Reduction.[2] Doc. 10-10. Nothing in the record indicates the disposition of that motion.

On January 2, 2013, Dillon filed this Petition for a Writ of Habeas Corpus, Doc. 1, in the United States District Court for the District of South Dakota. While Dillon's brief in support of his petition, Doc. 2, is difficult to parse, he appears to ask this Court to consider the following issues: (1) whether Dillon was denied a "constitutionally required" competency hearing; (2) whether Dillon's trial counsel was constitutionally ineffective for failing to ask for a competency hearing; (3) whether the statutes listed in Dillon's indictment were correctly correlated with the alleged crimes; (4) whether Dillon's conviction—one obtained by a guilty plea—was based upon

---

[2] Dillon also filed a number of motions before the Honorable John L. Brown of the Circuit Court of Hughes County after he commenced this federal habeas action. On January 11, 2013, Dillon filed a pro se Motion for Sentence Reduction, Doc. 10-14, that was denied on January 15, 2013, Doc. 10-15. On January 29, 2013, Hughes County received Dillon's second pro se Petition for a Writ of Habeas Corpus, Doc. 10-16, that Judge Brown denied, Doc. 10-17. On March 25, 2013, Dillon filed another pro se Petition for a Writ of Habeas Corpus, Doc. 10-18 at 4, that Judge Brown denied, Doc. 10-18 at 1. Dillon filed a motion for a certificate of probable cause, Doc. 19, which was similarly denied, Doc. 10-20. These filings are not relevant to addressing the issues presently before this Court.

"inference on inference" such that it was "unlawful[;]" (5) whether there was introduction of "prior bad acts" during pretrial proceedings and whether, Dillon appears to allege, the introduction of this information justifies habeas relief; (6) whether the state court properly "dismiss[ed] his habeas corpus petition as untimely[;]" and (7) whether the federal habeas statutes provide this Court jurisdiction to grant Dillon relief. Doc. 2 at 2-4. Dillon then argues that there was insufficient evidence to convict him under 18 U.S.C. § 111—the federal statute criminalizing assaults against federal officers—although he was convicted in state court under a state statute. Doc. 2 at 5. None of these claims were presented to the state court in his state habeas petition. The claims that Dillon did raise in his state court habeas petition—alleged errors by his trial counsel in inadequately advising Dillon of his rights, in failing to advise Dillon of possible defenses, and in improperly advising Dillon about the appellate process—are not raised here.

Dillon previously filed a complaint in this Court seeking release from state custody. Dillon v. Wilbur, No. 3:12-CV-3020-RAL, Doc. 1. In that complaint, Dillon also sought compensatory and punitive damages for his alleged wrongful incarceration. Dillon, No. 3:12-CV-3020-RAL, Doc. 5. Because damages are not an available habeas remedy, Nelson v. Campbell, 541 U.S. 637, 646 (2004), this Court construed Dillon's filing as a civil rights action arising under 42 U.S.C. § 1983, rather than as a petition for federal habeas corpus relief under 28 U.S.C. § 2254. Dillon, No. 3:12-CV-3020-RAL, Doc. 5 at 1-2. This Petition for habeas relief under § 2254, therefore, is not a successive petition because the suit in 12-CV-3020-RAL was reclassified as a § 1983 action.

### III. DISCUSSION

The State concedes that Dillon's habeas petition is timely, but argues that it must be dismissed because Dillon failed to exhaust state court remedies resulting in a procedural default of the claims contained in his petition. Doc. 10 at 5-6. This Court first address the timeliness of the petition before addressing whether the claims are in procedural default.

### A. Timeliness

The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 110 Stat. 1214, sets a one-year deadline for a state prisoner to file a petition for habeas corpus in federal court that begins to run starting on "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review[.]" 28 U.S.C. § 2244(d)(1)(A); see also Day v. McDonough, 547 U.S. 198, 201 (2006). The one-year limit is tolled for the time period in which a properly filed state postconviction relief "is pending." § 2244(d)(2). Thus, "the time between the date that direct review of a conviction is completed and the date that an application for state post-conviction relief is filed counts against the one-year period." Boston v. Weber, 525 F.3d 622, 624 (8th Cir. 2008) (internal quotation marks and citation omitted). Also, once the state postconviction relief is no longer pending, the "one-year clock" begins to run again. See Day, 573 U.S. at 201-03 (counting the time period between which the petitioner's state habeas petition is denied and the date he files his federal habeas petition against the one-year time limit); Boston, 525 F.3d at 624 (noting that petitioner took 127 days after his judgment was final to file his state habeas petition, so he had only 238 days remaining to file his federal habeas petition after his state habeas petition's denial became final).

Here, Dillon's judgment became final on April 30, 2010, which was the date thirty days after his judgment of conviction was entered because he chose not to file a direct appeal. See

S.D. Codified Laws (SDCL) § 23A-32-15 (stating that judgments in criminal cases must be appealed within thirty days); Gonzalez v. Thaler, 132 S. Ct. 641, 646 (2012) ("[F]or a state prisoner who does not seek review in a State's highest court, the judgment becomes 'final' on the date that the time for seeking such review expires."). On December 8, 2010, some 222 days later, Dillon filed his state habeas petition. His state habeas petition was denied on December 21, 2011, and it became final thirty days later on January 20, 2011, when he failed to timely file a motion for a certificate of probable cause to appeal. See SDCL § 21-27-18.1; Gonzalez, 132 S. Ct at 646. Thus, the one-year clock began running again on January 20, 2011. At that point, Dillon had 143 days remaining in which he could timely seek federal habeas review. Dillon, however, waited another 349 days before he filed his federal habeas petition. Thus, Dillon's petition was considerably untimely, it appears, having been filed 306 days after the one-year period, minus the time that was tolled, expired.[3]

Here, the State incorrectly calculated Dillon's AEDPA time and stated that "Dillon's petition appears to be timely." Doc. 10 at 5. Thus, the question becomes whether the State has waived that defense in this case.

A statute of limitations defense in a habeas action is not jurisdictional. Day, 547 U.S. at 205. The Supreme Court in Day found that failure to raise an AEDPA limitations defense is not necessarily a waiver; there must be an "intelligent" waiver and that a simple miscalculation is not an intelligent waiver. Id. at 205. Under such circumstances, "district courts are permitted,

---

[3] Arguably, Dillon's time may have been tolled between September 10, 2012, when he sought a certificate of probable cause to appeal from Judge Barnett, and November 13, 2012, when Judge Barnett denied to issue such a certificate. Even if this approximately 63 day period is excluded, Dillon's current petition still is approximately 243 days past his AEDPA limitation period.

but not obliged, to consider, *sua sponte*, the timeliness of a state prisoner's habeas petition." Id. at 209. The rule announced in Day necessarily is flexible and district courts must "exercise discretion in each case to decide whether the administration of justice is better served by dismissing a case on statute of limitation grounds or by reaching the merits of the petition." Sweet v. Sec'y, Dept. of Corrs., 467 F.3d 1311, 1321 (11th Cir. 2006) (citing Day, 547 U.S. 198); see also Armstrong v. Kemna, 534 F.3d 857, 862 n.4 (8th Cir. 2008) (declining to raise statute of limitations defense *sua sponte* because it is not jurisdictional and doing so was not in the "interests of justice").

Here the "interests of justice" are best served by reaching the evaluation of Dillon's petition, rather than directing the State to recalculate and explain its mistake and then to allow Dillon, a petitioner who has filed a number of motions seeking resolution of his petition, additional time to respond.[4] Day, 547 U.S. at 210; see also Martinez v. United States, 423 F. App'x 650 (8th Cir. 2011) (per curiam). Rather, it is most fair to Dillon for this Court to address his petition by determining whether Dillon failed to exhaust his state remedies and determine

---

[4] In the event that this Court were to exercise its discretion to raise the untimeliness issue, this Court is required to provide the parties with "fair notice and an opportunity to present their positions." Day, 547 U.S. at 210. Dillon would likely argue that the State waived or forfeited this affirmative defense through its immense miscalculation. See e.g., Boston v. Weber, 525 F.3d 622, 626-27 (8th Cir. 2008). In Day, the Supreme Court held that the state did not "intelligent[ly] waive[]" its statute of limitation defense when it conceded that the petition was timely. Id. at 202. The state committed "merely an inadvertent error, a miscalculation" regarding the number of days that had been properly tolled. Id. at 211. This error caused the state to mistakenly conclude that only 353 days had elapsed, rather than the 388 that had in actuality passed. Id. at 203. Here, the State failed to account for the entire period between when Dillon's state habeas proceeding was denied and when his federal habeas petition was filed. This error does not appear to be a simple miscalculation, as occurred in Day. Because this Court is not raising the untimeliness of the motion on its own, this Court need not determine whether such error amounts to waiver or forfeit.

whether this Court should reach the merits of his petition. The State's sole basis for its Motion to Dismiss is Dillon's failure to exhaust state court remedies, Dillon addressed this issue in his reply brief, and the issue is dispositive in this case.

### B.      Failure to Exhaust State Court Remedies & Procedural Default

Petitions brought by a state prisoner pursuant to § 2254 require a petitioner to establish that he "is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A federal court may not consider a state prisoner's claim for habeas relief unless the petitioner has first "exhausted the remedies available in the courts of the State." 28 U.S.C. § 2254(b)(1)(A). This "exhaustion doctrine" protects the state courts' role in enforcing federal law and prevents the disruption of state judicial proceedings. Rose v. Lundy, 455 U.S. 509, 514, 518 (1982): see also Rhines v. Weber, 544 U.S. 269, 273 (2005) ("[T]he interests of comity and federalism dictate that state courts must have the first opportunity to decide a [habeas] petitioner's claims."). It also "'ensures that the state courts have the opportunity fully to consider federal-law challenges to a state custodial judgment before the lower federal courts may entertain a collateral attack upon that judgment.'" Grass v. Reitz, 643 F.3d 579, 584 (8th Cir. 2011) (quoting Duncan v. Walker, 533 U.S. 167, 178-79 (2001)). Accordingly, state courts must be provided the opportunity to act on a petitioner's claims before he presents those claims to a federal court in a habeas petition. O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999); see also Clark v. Caspari, 274 F.3d 507, 510 (8th Cir. 2001) ("[T]he exhaustion doctrine [for federal habeas review] requires a state prisoner to file for any available discretionary review in the state's highest court prior to filing for federal habeas relief."); Roubideaux v. Dooley, No. CIV-10-5066-JLV, 2011 WL 165006, at *1 (D.S.D. Jan. 19, 2011) ("As a prerequisite to filing a §

2254 petition, the state courts must have the opportunity to hear federal constitutional claims and adjudicate those claims on the merits." (citing Weaver v. Bowersox, 438 F.3d 832, 839 (8th Cir. 2006))).

Failure to properly exhaust state court remedies "in accordance with state procedure results in procedural default of the prisoner's claim." Welch v. Lund, 616 F.3d 756, 758 (8th Cir. 2010) (citing O'Sullivan, 526 U.S. at 848). If the state habeas petitioner has procedurally defaulted his federal claims by failing to properly raise them in state court and if he is now barred from raising them because "untimeliness or some other state procedural hurdle" prevents him from doing so, then he has technically exhausted his state court remedies as there are no longer any such remedies available to him. Grass, 643 F.3d at 584; see also Woodford v. Ngo, 548 U.S. 81, 92-93 (2006) ("In habeas, state-court remedies are described as having been 'exhausted' when they are no longer available, regardless of the reason for their unavailability."). Exhaustion in this sense, however, "does not automatically entitle the habeas petitioner to litigate his . . . claims in federal court." Woodford, 548 U.S. at 93. Rather, the petitioner's "procedural default may constitute an 'independent and adequate state ground' barring federal habeas relief . . . absent a showing of either cause and prejudice or actual innocence . . . ." Grass, 643 F.3d at 584 (quoting Coleman v. Thompson, 501 U.S. 722, 732 (1991)); see also Wainwright v. Sykes, 433 U.S. 72, 86-87 (1977) (holding that federal habeas review of a claim is barred when that claim was deemed waived based on an "independent and adequate state procedural ground" absent cause and prejudice).

Dillon will have procedurally defaulted the claims contained in his federal habeas petition unless he exhausted the remedies provided to him by the courts of the state of South Dakota.

Coleman, 501 U.S. at 731-32. South Dakota has a discretionary review system for appeals from habeas corpus petitions. SDCL § 21-27-18.1 requires that following the denial of a petition for habeas corpus in state court, the prisoner must seek a "certificate of probable cause that an appealable issue exists." A motion seeking a certificate of probable cause must "be filed within thirty days from the date the final judgment or order is entered." SDCL § 21-27-18.1. Motions for certificates of probable cause must be dismissed as untimely if they are not filed within thirty days. See Hannon v. Weber, 638 N.W.2d 48, 50 (S.D. 2001) (per curiam). If the circuit court judge refuses a timely filed certificate of probable cause, the petitioner must "file a separate motion for issuance of a certificate of probable cause with the Supreme Court within twenty days of the entry of the circuit judge's refusal." SDCL § 21-27-18.1.

Dillon's state court habeas petition was denied on December 21, 2011, and he did not seek a certificate of probable cause within thirty days. Dillon waited more than nine months from the date his habeas petition was denied to seek a certificate of probable cause. The circuit court judge thus denied his motion for a certificate of probable cause as untimely. "When [Dillon] failed timely to appeal the denial of his state habeas petition, he failed to give South Dakota one full opportunity to resolve any constitutional issue by invoking one complete round of South Dakota's established appellate review process." Wiegers v. Weber, 37 F. App'x 218, 219 (8th Cir. 2002) (per curiam) (internal quotation marks and citations omitted). He has procedurally defaulted his claims—none of which were presented in his state court habeas petition—by failing to timely seek discretionary review and his procedural default is an independent and adequate state ground. For this Court to consider Dillon's present claims would be an affront to the state courts' role and right to address and potentially to correct claimed

constitutional errors in state court criminal convictions. See Rose, 455 U.S. at 514, 518.

Because Dillon's claims are procedurally defaulted, Dillon must show either cause and prejudice, or actual innocence. Grass, 643 F.3d at 584. Dillon has made no showing of cause or prejudice to excuse his procedural default. Nor does he allege that he is actually innocent of the crime to which he plead guilty. Therefore, Dillon's petition is subject to dismissal.

## IV.  CONCLUSION

For good cause, it is hereby

ORDERED that Dillon's Petition for a Writ of Habeas Corpus, Doc. 1, is denied. It is further

ORDERED that Respondent's Motion to Dismiss, Doc. 12, is granted. Finally, it is further

ORDERED that Dillon's additional motions, Doc. 6, Doc. 11, Doc. 14, and Doc. 16, are all denied as moot.

Dated December 17, 2013.

BY THE COURT:

*[signature]*

ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE